# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **MARIANO ANGKEL SHIANO,**<br><br>Petitioner,<br><br>v.<br><br>**GERALD ZEDDE,** in his Official Capacity as Supervisory DDO, Saipan, Immigration and Customs Enforcement (ICE), United States Department of Homeland Security, **BETH LIMRICK,** in her Official Capacity as acting Supervisor, Enforcement and Removal Operations (ERO), United States Department of Homeland Security, and **ARNOLD K. SEMAN,** in his Official Capacity as Acting Commissioner of Corrections, Commonwealth of the Northern Mariana Islands (CNMI),<br><br>Respondents. | Case No. 1-11-CV-00012<br><br>**DECISION FOLLOWING ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On September 7, 2011, the court issued an order denying Mr. Shiano's Petition for Writ of Habeas Corpus, lifting the temporary stay of removal, and vacating the hearing set for that morning. *See* Docket No. ("DN") 17. This Decision explains the reasons for the order.

## I.   BACKGROUND

Mr. Shiano is a citizen of the Federated States of Micronesia. DN 1 ("Petition for Writ of Habeas Corpus"), ¶ 8. On February 17, 2010, on Saipan, Commonwealth of the Northern Mariana Islands ("CNMI"), Department of Homeland Security officials served him with a Notice to Appear

in Immigration Court. DN 1, Exh. 1. Several master calendar hearings were held between March 2010 and February 2011. DN 1, ¶ 17. On February 18, 2011, Mr. Shiano, through counsel, filed an evidence packet in advance of one of the hearings and applied for a waiver of inadmissibility. *Id.; also* DN 1, Exh. 2.

On April 5, 2011, the immigration judge ("IJ") held an evidentiary hearing. *Id.,* ¶ 19. On May 3, 2011, the IJ issued a written decision finding Mr. Shiano removable under INA § 212(a)(2)(B). The grounds for the IJ's decision were that Mr. Shiano had been convicted of two or more offenses for which the aggregate sentences to confinement were five years or more. The IJ also denied Mr. Shiano's application for a waiver of inadmissibility. DN 1, Exh. 3 ("Decision and Order of the Immigration Judge").

Mr. Shiano did not appeal the IJ's decision or file notice of appeal.[1]

On July 1, 2011, almost two months after the IJ ordered his removal, Mr. Shiano filed an "Emergency Motion to Stay Removal" (DN 1, Exh. 4) pending disposition of a timely filed motion to reopen pursuant to 8 C.F.R. § 1003.23(b)(1). The IJ denied the stay. DN 1, Exh. 5. Subsequently, the IJ denied the motion to reopen for want of new material evidence. DN 10 ("Respondents' Motion to Dismiss"), Exh. 10.

On July 5, 2011, the day Mr. Shiano was scheduled to be removed from the United States, he petitioned this court for a writ of habeas corpus. DN 1. He asserted that the removal order was based on an "impermissible retroactive application of law," a misinterpretation and misapplication of Title VII of the Consolidated Natural Resources Act of 2008 ("CNRA"), and violations of substantive and procedural due process. DN 1, ¶ 1. He also alleged abuse of discretion on the part of the IJ, presumably in denying the application for waiver of admissibility and the motion to reopen. *Id.,* ¶ 24. That day, the court ordered a stay of Mr. Shiano's removal. DN 2.

On July 11, 2011, the court issued a briefing schedule ordering Respondents to file their briefs by July 20 and Petitioner to reply by July 27. DN 3. On July 20, Respondents, by stipulation

---

[1] Decisions of immigration judges may be appealed to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(a). Notice of appeal must be filed within 30 days after issuance of the IJ's decision. 8 C.F.R. § 1003.38(b).

1   with Petitioner, requested two additional days to file their response. DN 6. The court extended the
2   deadlines to August 1 for Respondents and August 8 for Petitioner. DN 7.

3   On August 1, 2011, Respondents timely filed a motion to dismiss and a brief in response to
4   the habeas petition. DN 10. They asserted that the court lacked jurisdiction to hear the petition
5   because (1) Mr. Shiano had failed to exhaust administrative remedies and (2) only the court of
6   appeals has authority to hear challenges to removal orders. DN 10, p. 2. They also argued that Mr.
7   Shiano's petition fails on the merits. *Id.*

8   On August 9, 2011, Mr. Shiano filed a stipulated motion for an extension of time to file his
9   reply. DN 13. His counsel complained about a heavy caseload in the Immigration Court as well as
10  "urgent time-critical matters in a probate case and in a seven-figure civil dispute last week." *Id.*
11  The court granted the motion and gave Mr. Shiano until August 15 to reply. DN 14. The Court also
12  afforded Respondents an opportunity to file a sur-reply by August 22 and set the matter for a hearing
13  on September 7.

14  On August 23, eight days after the extended deadline, Mr. Shiano submitted his reply (DN
15  16) together with a motion for leave to file the reply out of time (DN 15). In the motion, counsel
16  stated that he had "greatly underestimated" the amount of time his other removal cases would
17  consume from August 8 to August 18, "thus necessitating the late filing . . ." DN 15.

## II.   ANALYSIS AND DISCUSSION

### A.   Jurisdiction

This is, as Respondents have noted (DN 10, p. 1), the first habeas proceeding in this district
to challenge a federal removal order since the Immigration and Nationality Act ("INA") became
effective in the CNMI on November 28, 2009. In May 2008, the President signed into law the
Consolidated Natural Resources Act ("CNRA"), Pub. L. No. 110-229, 122 Stat. 754-876. Prior to
enactment of the CNRA, federal immigration law did not apply in the CNMI with respect to most
classes of aliens. COVENANT TO ESTABLISH A COMMONWEALTH OF THE NORTHERN MARIANA
ISLANDS (1976), sec. 503, 506, 48 U.S.C. § 1801. Section 702(a) of the CNRA provided that federal

immigration law would, with a few exceptions, go into effect in the CNMI on the "transition period effective date" of November 28, 2009. *See, for background, N. Mariana Islands v. United States,* 670 F. Supp. 2d 65, 73 (D.D.C. 2009). It is not surprising that Mr. Shiano, a person who took up residence in the CNMI long before 2009, is challenging a federal removal order on grounds stemming from the alleged misapplication of the CNRA and purportedly unlawful withholding of discretionary relief. While these issues are of clear import, the court cannot reach the merits of such claims because it lacks jurisdiction to entertain Mr. Shiano's habeas petition.

From the inception of this country, the writ of habeas corpus has been a "vital instrument" to secure "freedom from unlawful restraint." *Boumediene v. Bush,* 553 U.S. 723, 739 (U.S. 2008). Until the enactment of the Immigration and Nationality Act in 1952, "the sole means by which an alien could test the legality of his or her deportation order was by bringing a habeas corpus action in district court." *United States v. St. Cyr,* 533 U.S. 289, 306 (2001). In 1961, Congress amended the law to bypass district-court review altogether and channel habeas challenges of final deportation orders directly to the courts of appeals. *See United States ex rel. Marcello v. District Director of INS,* 634 F.2d 964, 967 (5th Cir. 1981). In 1996, Congress further restricted the availability of habeas review in immigration cases when it passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, and the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132.

In 2001, the Supreme Court held that IIRIRA and AEDPA did not effectively repeal habeas jurisdiction as established in 28 U.S.C. § 2241. *St. Cyr,* 533 U.S. at 314. The Court indicated, however, that Congress may close off some avenues of habeas relief so long as it provides an "adequate substitute" through judicial review of final removal orders in the courts of appeals. *Id.* at 314, n.38. Four years later, Congress attempted to do just that in the REAL ID Act, Pub. L. No. 109-13, Div. B. § 106, 119 Stat. 231, 310-11 (2005). The act made the circuit courts of appeal the "sole and exclusive means for judicial review of an order of removal," *id.,* §106(a)(1)(B)(5), 8 U.S.C. § 1252(a)(5), thereby apparently foreclosing any review by the district courts. *See also Singh v. Gonzales,* 499 F.3d 969, 976-977 (9th Cir. 2007) (effect of *St. Cyr* and REAL ID Act on habeas

review).  The courts of appeals have jurisdiction to review "constitutional claims or questions of law" in orders of removal.  Pub. L. No. 109-13, Div. B. § 106(a)(1)(A)(iii), 8 U.S.C. 1252(a)(2)(D).

Despite the REAL ID Act's jurisdiction-stripping provisions, habeas review by the district court remains available in removal cases for a narrow range of claims that do not attack the legality of the removal order itself.  For example, a claim that the petitioner's deportation was illegal "because there was *no* order of removal" is not foreclosed by the REAL ID Act.  *Kumarasamy v. Attorney General,* 453 F.3d 169, 172 (3rd Cir. 2006); *also Ali v. Gonzales,* 421 F.3d 795, 797 n.1 (9th Cir. 2005) (order denying reh'g) (claim that petitioners cannot be removed to country that lacks functioning government does not seek review of removal order).

Notably, the habeas writ remains available in some removal cases alleging ineffective assistance of counsel.  In *Singh,* an immigration judge denied an alien's petition for withholding of removal, and the Board of Immigration Appeals ("BIA") affirmed the order.  *Singh,* 499 F.3d at 972-973.  Singh's lawyer then missed the 30-day deadline to file a petition for review by the Ninth Circuit.  *Id.* at 973.  The lawyer instead timely filed a motion to reopen with the BIA and filed an untimely petition for judicial review.  *Id.*  The BIA denied the motion, and the Ninth Circuit rejected the petition for lack of jurisdiction owing to the untimeliness.  *Id.*  Ultimately Singh, through his *fourth* lawyer, filed a petition for habeas relief in the district court, which dismissed it for lack of jurisdiction under the REAL ID Act.  *Id.* at 974.  On appeal, the Ninth Circuit reversed with respect to this ineffective-assistance-of-counsel claim.[2]  *Id.* at 980.  The court held that "a narrow claim of ineffective assistance of counsel in connection with a post-administrative filing of an appeal with the court of appeals does not require review of an order of removal [and thus] falls outside the jurisdiction-stripping provisions of the REAL ID Act."[3]  *Singh,* 499 F.3d at 972.

Mr. Shiano's petition for a writ of habeas corpus solely involves constitutional claims and

---

[2] Singh brought three separate claims of ineffective assistance of counsel.  *Id.* at 971.  The second claim is the one discussed here.

[3] While the history of Mr. Shiano's case suggests possible ineffective assistance of counsel, the petition does not make such a claim.  Therefore there is no cause for analysis along the lines of *Singh*.

1 questions of law.  While the petition is not a model of clarity and organization, it expressly makes
2 the following claims:
3       (1) The removal order is "based on an inpermissible retroactive application of law
4       and misinterpretation and misapplication of Title VII of the [CNRA]." DN 1, ¶ 1.
5       (2) The IJ's alleged refusal to "even engage in an exercise of discretion" with respect
6       to waiving inadmissibility or reopening removal proceedings was "[l]egally erroneous." *Id.,*
7       ¶ 24.
8       (3) The order is "based on . . . violations of substantive and procedural due process
9       of law." *Id.*, ¶ 1.

10 Retroactivity is a legal doctrine.  A retroactive law is a "legislative act that looks backward
11 or contemplates the past, affecting acts or facts that existed before the law came into effect."
12 BLACK'S LAW DICTIONARY 1343 (8th ed. 2004).  Whether application of a statute to a given set of
13 facts is impermissibly retroactive presents a question of law.  *Gallegos-Vasquez v. Holder,* 636 F.3d
14 1181, 1184 (9th Cir. 2011), *citing Sinotes-Cruz v. Gonzales,* 468 F.3d 1190, 1194 (9th Cir. 2006).

15 The failure of an IJ to consider granting discretionary relief to which an alien is entitled
16 would be a legal error.  Under appropriate circumstances, an IJ has discretion to grant relief from
17 removal.  8 U.S.C. § 1229a(c)(4)(A); *Rendon v. Mukasey,* 520 F.3d 967, 973 (9th Cir. 2008) (alien
18 bears burden of proof of eligibility for discretionary relief); *Hernandez-Robledo v. INS,* 777 F.2d
19 536, 540 (9th Cir. 1985) (BIA's denial of discretionary relief reviewed for abuse of discretion).
20 Because the power to exercise discretion emanates from federal statute, its alleged abuse is a
21 question of law.  *St. Cyr,* 533 U.S. at 304 (regarding "review on habeas of questions of law
22 concerning an alien's eligibility for discretionary relief").

23 As to Mr. Shiano's third claim, it is transparent that substantive and procedural due-process
24 issues are rooted in the liberty guarantees of the Due Process Clauses of the United States
25 Constitution. U.S. CONST. amend. V; XIV, § 1.

26 Because all of Mr. Shiano's claims are constitutional or raise questions of law, the REAL
27 ID Act has stripped the court of jurisdiction to hear his petition for a writ of habeas corpus.

28

### B.      Exhaustion of Administrative Remedies

Even if Mr. Shiano's claims survived the jurisdiction-stripping provisions of the REAL ID Act, the court declines to entertain his habeas petition because he failed to exhaust his administrative remedies. An alien must pursue all available administrative remedies before resorting to habeas for relief. *Singh,* 499 F.3d at 974, *citing  Sun v. Ashcroft,* 370 F.3d 932, 944 and n.8 (9th Cir. 2004). In removal cases, administrative exhaustion is statutorily mandated before judicial review. 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."). Failure to exhaust administrative remedies deprives the courts of appeals of jurisdiction. *Rendon,* 520 F.3d at 972.

With respect to habeas petitions brought under 28 U.S.C. § 2241, exhaustion is required as a prudential matter only; it is not jurisdictional and may be waived. *Marquez v. INS,* 346 F.3d 892, 897 (9th Cir. 2003). Courts may require exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted).

Permitting Mr. Shiano to press his claims for the first time on a habeas petition would be imprudent for all those reasons. Mr. Shiano has not sought, let alone exhausted, other legal remedies, both administrative and judicial. Those remedies include a petition for review of the IJ's removal order by the BIA. 8 C.F.R. § 1003.1(b)(3). If the BIA upholds the order, the alien may petition for review by the federal courts of appeals. 8 USC § 1252(b)(2). The petition is typically coupled with a motion for stay of removal pending decision. YULE KIM, CONG. RESEARCH SERV., RL34444, REMOVING ALIENS FROM THE UNITED STATES: JUDICIAL REVIEW OF REMOVAL ORDERS 3 (Sept. 25, 2009). The Ninth Circuit even has a standing order that upon receipt of the motion the court will issue a temporary stay of removal. *Leiva-Perez v. Holder,* 640 F.3d 962, 963 (9th Cir. 2011), citing *DeLeon v. INS,* 115 F.3d 643 (9th Cir. 1997).

Prudential exhaustion is not required, however, "where resort to the agency would be futile." *Sokha Sun v. Ashcroft,* 370 F.3d 932, 943 (9th Cir. 2004). Administrative appeal may be futile "where the agency's position on the questions at issue appears already set . . ." *Id.* Mr. Shiano's petition does not assert or suggest that pursuing other remedies than habeas would have been futile. The petition fails to point to any improper position the BIA has taken on legal issues raised by the IJ's order. Even if appeal to the BIA would have been futile, Mr. Shiano still would have had to pursue statutorily permitted judicial review in the Ninth Circuit Court of Appeals before seeking redress in this court.

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.

**SO ORDERED** on September 16, 2011.

_____
RAMONA V. MANGLONA, Chief Judge